IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARL WAYNE LAUDERDALE, JR.,
        Plaintiff,

vs.                           Case No. 5:13cv168/WS/CJK

KENNETH S. TUCKER, et al.,
        Defendants.

_____

**ORDER and**
**REPORT AND RECOMMENDATION**

      This prisoner civil rights case asserting claims under 42 U.S.C. § 1983 is before the Court upon defendants' removal of the case, under 28 U.S.C. § 1441(a), from the Circuit Court of Gulf County, Florida, Case No. 12-CA-245. (Doc. 1).[1] Pending is plaintiff's third amended complaint. (Doc. 11). The Court has not ordered the defendants to respond. Upon review of plaintiff's third amended complaint, the Court concludes that this case should be dismissed under 28 U.S.C. § 1915A, because the complaint fails to state a claim upon which relief may be granted.

_____

[1]Plaintiff names ten defendants in this action. This case was removed by defendants Tucker, Brannon, Buss, Peavy and Sloan, who all consented to removal. (Doc. 1). At the time of removal, defendants White, Dyas and Yon had made a limited appearance in state court solely for the purpose of moving to quash plaintiff's attempted service of process on them. (Doc. 1, p. 1 n.2 and Ex. 48). The motion to quash was pending at the time of removal and will be granted in this Order. The remaining defendants, Ellis and Godwin, had not been served at the time of removal. (*See* Docket Sheet for Gulf County Circuit Court Case No. 12-CA-245).

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Gulf Correctional Institution ("Gulf CI"). Plaintiff's third amended complaint names ten defendants, all officials with the Florida Department of Corrections: former Secretary Kenneth S. Tucker, Former Secretary Edwin G. Buss, former Gulf CI Warden D.A. Ellis, Assistant Warden J.D. Sloan, Assistant Warden C. Brannon, Colonel John Godwin, Property Sergeant V. White, Property Sergeant J. Yon, Correctional Officer David Peavy and Correctional Officer Cole Dyas. (Doc. 11, pp. 1-2). The defendants are sued in their individual capacities. (*Id.*, p. 1). Plaintiff claims the defendants violated his right to due process under the Fifth and Fourteenth Amendments, his right to "effectively redress grievances to the Government" under the First Amendment, and his right to be free from cruel and unusual punishment under the Eighth Amendment, when defendants Dyas and Peavy: (1) packed plaintiff's property after plaintiff was placed in administrative confinement and failed to provide plaintiff with "Form DC6-220 [an Impound Property Sheet] in which plaintiff would have been allowed to verify that all his property was present and accounted for" and (2) failed "to make notation as to why form did not contain plaintiff's signature." (Doc. 11, pp. 5-6). Plaintiff alleges that as a result of Dyas' and Peavy's conduct, plaintiff was unable to verify that he actually possessed certain items of property and, consequently, was "unable to effectively present Form DC6-220 as 'proof' that plaintiff did have said items, leaving and rendering the plaintiff unable to effectively redress grievance for missing property through proper channels." (*Id.*). Plaintiff asserts that Dyas' and Peavy's actions were negligent, deliberate and wilful, and caused plaintiff to be deprived of his property and to experience "undue stress, labor

and anguish." (*Id*., p. 6). Plaintiff seeks to hold defendants Godwin, Yon and White liable for the deprivation of his property on the grounds that they failed to ensure Dyas and Peavy complied with the DOC's rules by properly completing the Form DC6-220. (*Id*., pp. 6A-6C). Plaintiff seeks to hold defendants Sloan, Brannon, Ellis, Buss and Tucker liable for the deprivation of his property on the grounds that they wrongly denied plaintiff's grievances. (*Id*., pp. 6D-6E). As relief, plaintiff seeks monetary damages and injunctive relief. (*Id*., p. 7 and continuation pages).

DEFENDANTS DYAS, WHITE AND YON'S MOTION TO QUASH SERVICE

Prior to removal, defendants Dyas, White and Yon moved to quash plaintiff's attempted service of his second amended complaint on them, on the grounds that plaintiff attempted to serve them by substitute service, but substitute service in the manner plaintiff used is not allowed under Florida's statute governing service. (Doc. 1, Ex. 48). "[T]he sufficiency of service in this case is determined according to state law because service of process occurred before removal." *Lee v. City of Beaumont*, 12 F. 3d 933, 937 (9th Cir. 1993). Florida Statute 48.031, entitled "Service of process generally; service of witness subpoenas", provides, in pertinent part:

> (1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.
>
> (b) Employers, when contacted by an individual authorized to make service of process, shall permit the authorized individual to make service on employees in a private area designated by the employer.
>
> (2)(a) Substitute service may be made on the spouse of the person to be

served at any place in the county, if the cause of action is not an adversary proceeding between the spouse and the person to be served, if the spouse requests such service, and if the spouse and person to be served are residing together in the same dwelling.

(b) Substitute service may be made on an individual doing business as a sole proprietorship at his or her place of business, during regular business hours, by serving the person in charge of the business at the time of service if two or more attempts to serve the owner have been made at the place of business.
. . . .

(4)(a) Service of a criminal witness subpoena upon a law enforcement officer or upon any federal, state, or municipal employee called to testify in an official capacity in a criminal case may be made as provided in subsection (1) or by delivery to a designated supervisory or administrative employee at the witness's place of employment if the agency head or highest ranking official at the witness's place of employment has designated such employee to accept such service. . . .

Fla. Stat. § 48.031 (2012).

The returns of service for defendants Dyas, White and Yon indicate that service on these defendants was not made by delivering copies of the summons and complaint to them personally, but by "substitute" service in the following manner: "[b]y delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and hour of service endorsed thereon by me, at the defendant's usual place of abode with a person residing therein who is fifteen (15) years of age, or older, to-wit:   C. Brannon Ast Warden and informing said person of their contents."  (Doc. 1, Exs. 41, 42, 43).  On page two of the returns, it is stated that "substitute" service was effected "[b]y delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and hour of service endorsed

thereon by me to a designated supervisory or administrative employee at the witness's place of employment, to-wit: ASST. WARDEN - C. BRANNON, after the provisions as set forth in Chapter 48,031(f)(a), Florida Statutes have been met." (*Id.*). Section 48.031 does not allow substitute service of a summons and complaint by serving a co-worker or supervisor at an individual's place of employment. As plaintiff's attempted service on defendants Dyas, White and Yon was not proper, their motion to quash is granted.

There is no merit to plaintiff's argument that removal was improper because defendants Dyas, White, Yon, Ellis and Godwin did not consent to it. (*See* Doc. 10). The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served. *See* 28 U.S.C. § 1446(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.") (emphasis added); *Murphy Bros. v. Michetti Pipe stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (holding that formal service of process is required to trigger § 1446(b)'s removal requirements); *Bailey v. Janssen Pharm. Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008) ("[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process."); *see also, e.g., Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011) ("There is no merit to [plaintiff's] argument that removal was improper because [defendant] Kear did not consent to it. The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." (*citing Bailey, supra*)); *P. P. Farmers' Elevator Co. v. Farmers Elevator*

*Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968) (holding that defendant in action commenced in state court need not join in effective petition for removal of case to federal court if that defendant had not been served with the state court summons); *Cachet Residential Builders, Inc. v. Gemini Ins. Co.*, 547 F. Supp. 2d 1028 (D. Ariz. 2007) (holding that consent of defendant who was not properly served was not required to remove action from state court; actual notice, rather than proper service, does not trigger § 1446(b)'s requirement).

REVIEW OF PLAINTIFF'S THIRD AMENDED COMPLAINT
UNDER 28 U.S.C. § 1915A

Because plaintiff is a prisoner, the Court is required to review, as soon as practicable after docketing, plaintiff's third amended complaint and to dismiss the complaint if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a) and (b)(1). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1968-69 (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their

claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  The complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on plaintiff's claims.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*,  549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

A viable claim under 42 U.S.C. § 1983 requires plaintiff to establish two essential elements:

    1.  the conduct complained of was committed by a person acting under color of state law; and

    2.  this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.
*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Plaintiff's allegations do not state a plausible due process claim.  Plaintiff argues that the defendants' intentional, negligent failure to follow prison procedure requiring them to properly complete the property impound form deprived him of his property without due process.  The Supreme Court has held that the negligent deprivation of property does not amount to a constitutional violation actionable under § 1983.  *Daniels v. Williams*, 474 U.S. at 328, 333, 106 S. Ct. at 663, 666 (holding that "the Due Process Clause is simply not implicated by a *negligent* act of an official

causing unintended loss of or injury to life, liberty or property."). The Supreme Court has further held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). The State of Florida provides plaintiff with an adequate post-deprivation remedy for the loss of his property – prisoners may file a tort claim action in state court in order to recover damages for property losses. *See* Fla. Stat. § 768.28 (2011). Because plaintiff has access to an adequate post-deprivation remedy, he cannot state a plausible claim that defendants' unauthorized negligent, willful and intentional acts resulting in the loss or deprivation of his property violated the Constitution. *See Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) ("*Hudson* made clear that as long as *some* adequate postdeprivation remedy is available, no due process violation has occurred."); *see also Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009) ("[A] state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.") (*citing Hudson*, 468 U.S. at 533)); *Weaver v. Geiger*, 294 F. App'x 529, 533 (11th Cir. 2008) (holding that Fla. Stat. § 768.28 qualifies as the type of "meaningful remedy" required under *Hudson*).

Plaintiff further suggests that defendants' conduct violated due process because it prohibited him from effectively challenging the loss of his property through the prison grievance procedure. Plaintiff's claim fails, because plaintiff has no constitutionally-protected liberty interest in utilizing the prison grievance procedure.

*Bingham v. Thomas*, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (holding that an inmate has no constitutionally-protected liberty interest in access to a grievance procedure provided voluntarily by a prison). Plaintiff has no plausible due process claim arising from prison officials' failure to properly complete the property impound form, or officials' denial of his grievances.

Plaintiff's allegations do not state a plausible access-to-courts claim under the First Amendment. Prisoners have a clearly established constitutional right of access to the courts. *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). The "constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998). The constitutional right of access to the court does not, however, require prison authorities to provide prisoners with access to a prison grievance process voluntarily established by a state. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (holding that "the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1998) ("There is no legitimate claim of entitlement to a grievance procedure."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"). Further, the doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury" to that right. *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (*citing Lewis v. Casey*, 518 U.S. 343, 346, 349-51, 116 S. Ct. 2174, 2177, 2179-80, 135 L. Ed. 2d 606 (1996)). An inmate must prove that

the defendant's actions hindered or frustrated his efforts to pursue a non-frivolous direct criminal appeal, habeas petition, or civil rights action. *Lewis*, 518 U.S. at 354, 116 S. Ct. at 2181-82; *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008) ("The limited types of legal claims protected by the access-to-courts right [are] nonfrivolous appeals from a conviction, habeas petitions, or civil rights suits.").

Plaintiff alleges that the defendants' failure to properly complete the property impound form deprived him of his "right to effectively redress grievance to the government", (doc. 11, pp. 7A-7G), by "leaving and rendering the plaintiff unable to effectively redress grievances for missing property through proper channels", i.e., the prison grievance system. (Doc. 11, p. 6). Plaintiff has no constitutional right of access to the prison grievance system, and plaintiff's allegations do not establish that defendants' failure to properly complete the property impound form hindered plaintiff's efforts to pursue a non-frivolous direct criminal appeal, habeas petition, or civil rights action. The defendants' alleged hindrance of plaintiff's ability to provide documentary evidence to support his loss-of-property claim asserted through the prison grievance process does not state a plausible claim under the First Amendment.

Plaintiff's final claim is that the defendants' conduct constituted cruel and unusual punishment under the Eighth Amendment. The Supreme Court has recognized that a prisoner may challenge a condition of his confinement under the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981). A conditions of confinement claim "requires a two-prong showing: an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'"

*Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994)).

The Supreme Court has set a high bar for the objective component of a claim challenging a condition of confinement. The Court has observed that "the Constitution does not mandate comfortable prisons." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (*quoting Rhodes*, 452 U.S. at 349, 101 S. Ct. at 2400). "If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" *Id*. (*quoting Rhodes*, 452 U.S. at 347, 101 S. Ct. at 2399). "[T]o make out a claim for an unconstitutional condition of confinement, 'extreme deprivations' are required." *Thomas*, 614 F.3d at 1304 (*quoting Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992)). A prison condition is unconstitutional only if it deprives the plaintiff of a human need, *Jordan v. Doe*, 38 F.3d 1559, 1565 (11th Cir. 1994) (*citing Wilson v. Seiter*, 501 U.S. 294, 305, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1994)), or otherwise "'pose[s] an unreasonable risk of serious damage to his future health' or safety," *Chandler*, 379 F.3d at 1289 (*quoting Helling v. McKinney*, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993)). The loss of plaintiff's property falls far short of the "extreme deprivation" required to satisfy the objective component of an Eighth Amendment conditions of confinement claim.

Accordingly, it is ORDERED:

Defendants' Dyas, White and Yon's motion to quash service (doc. 1, ex. 48) is GRANTED, and plaintiff's attempt to serve defendants Dyas, White and Yon is QUASHED.

And it is respectfully RECOMMENDED:

1.   That this case be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) for plaintiff's failure to state a claim upon which relief may be granted.

2.   That the Clerk be directed to close the file.

At Pensacola, Florida this 17th  day of June, 2013.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).